IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES EDWARD MITCHELL,<br><br>Defendant. | CR 04-11-BU-DWM-3<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 325) (citing 18 U.S.C. §§ 3401(i); 3583(e)).

On July 15, 2022, the Court conducted the final revocation hearing. Defendant admitted certain violations as explained below. As such, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 8 months imprisonment followed by 52 months of supervised release.

I.     **Background**

In 2004, Defendant pled guilty to the offenses of conspiracy to possess with intent to distribute a controlled substance, and possession of a controlled substance with intent to distribute. (Docs. 151, 323.) On March 31, 2005, the Court

1

sentenced him to 240 months imprisonment, to be followed by 120 months supervised release. (Doc. 323.) Defendant began serving his term of supervised release on January 18, 2019. (*Id.*)

On October 29, 2020, Defendant's supervised release was revoked for drug use and failure to attend treatment and complete community service hours. (Doc. 303.) He was sentenced to time served (73 days) followed by 115 months supervised release. (*Id.*) Defendant began his second period of supervised release on October 29, 2020. (Doc. 307.)

On May 7, 2021, the United States Probation Office filed a second petition for revocation of supervised release. (*Id.*) The Defendant's supervised release was subsequently revoked on August 4, 2021, for continued methamphetamine use. (Doc. 319.) He was sentenced to 5 months imprisonment followed by 60 months supervised release. (*Id.*) Defendant began the current term of supervised release on December 3, 2021. (Doc. 323.)

On April 6, 2022, the United States Probation Office filed the petition now at issue. (*Id.*) Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 324.)

On June 11, 2022, Defendant was arrested. (Doc. 326.) On June 15, 2022, Defendant made an initial appearance. (Doc. 327.) Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing.

(*Id.*)  The Court set the final revocation hearing for July 6, 2022, which was later continued to July 15, 2022.  (Docs. 331, 333.)  The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing.  (Doc. 327.)

## II.     Final Revocation Hearing

Defendant appeared at the revocation hearing represented by Edward Werner.  Benjamin Hargrove represented the United States.  The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocate before Judge Molloy prior to the imposition of sentence.

After consenting to proceed, Defendant admitted to the three alleged violations under Violation Number 1, and to the alleged violations on 1/19/2022 and 2/2/2022 under Violation Number 2, but denied the alleged violation on 4/5/2022 under Violation Number 2.

The undersigned accepted the admissions and proceeded to sentencing.  The undersigned calculated that Defendant's violation grade is C, his criminal history category is VI, and the underlying offense is a class A felony.  Under those circumstances, the statutory maximum sentence is 60 months incarceration, and the United States Sentencing Guidelines call for 8-14 months incarceration.  Defendant could also be sentenced to as much as 60 months supervised release, less any

incarceration time imposed. Mr. Hargrove and Mr. Werner agreed with those calculations.

Mr. Hargrove requested a sentence of 12 months incarceration and acknowledged that in-patient treatment may be appropriate.

Mr. Werner requested a sentence of incarceration in the range of 2-3 months, followed by in-patient treatment.

Defendant addressed the Court regarding the improvements he has made in his life over the last three years and expressed his desire to return to treatment.

### III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 8 months imprisonment followed by 52 months supervised release. No circumstances warrant a departure from the guideline range.

Defendant's supervised release has been revoked twice previously, and he was sentenced below the advisory guideline range on each occasion. Neither revocation was successful in bringing Defendant in compliance with the requirements of his supervised release. A sentence within the guideline range is, therefore, appropriate here. Nevertheless, given the nature of the violations, a sentence at the low end of the guideline range is sufficient. A sentence of 8 months will also provide adequate time for the United States Probation Office to

arrange for Defendant's placement in an in-patient treatment program upon his dishcarge, which he requested at his revocation hearing.

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Molloy prior to the imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of his supervised release that he refrain from any unlawful use of a controlled substance.

2. Defendant violated the condition of his supervised release that he participate in substance abuse testing.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to 8 months imprisonment, followed by a 52-month term of supervised release.

**IT IS FURTHER RECOMMENDED** that the Defendant be ordered to comply with the mandatory and standard conditions of supervision, which have

been adopted by this Court, as well as the special conditions previously imposed by the Court. (*See* Doc. 319 at 5.)

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

DATED this 15th day of July, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge