IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES EDWARD MITCHELL,<br><br>Defendant. | CR 04-11-BU-DWM-3<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. U.S. District Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 349.)

On March 5, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations alleged in the petition. Accordingly, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 12 months imprisonment, with no supervised release to follow.

## I.  Background

In 2004, Defendant pled guilty to the offenses of conspiracy to possess with intent to distribute a controlled substance, and possession of a controlled substance with intent to distribute. (Docs. 151.) On March 31, 2005, the Court sentenced

1

him to 240 months imprisonment, to be followed by 120 months supervised release. (Doc. 323.) Defendant began serving his term of supervised release on January 18, 2019. (*Id.*)

On October 29, 2020, Defendant's supervised release was revoked for drug use and failure to attend treatment and complete community service hours. (Doc. 303.) He was sentenced to time served (73 days) followed by 115 months supervised release. (*Id.*) Defendant began his second period of supervised release on October 29, 2020. (Doc. 307.)

Defendant's supervised release was subsequently revoked on August 4, 2021, for continued methamphetamine use. (Doc. 319.) He was sentenced to 5 months imprisonment followed by 60 months supervised release. (*Id.*) Defendant began his third term of supervised release on December 3, 2021. (Doc. 323.)

On July 29, 2022, Defendant's supervised release was again revoked for methamphetamine use. (Doc. 323.) He was sentenced to 8 months imprisonment followed by 52 months supervised release. (Doc. 337.) Defendant began his current term of supervised release on February 8, 2023. (Doc. 353.)

On November 13, 2023, the United States Probation Office filed the petition now at issue. (Doc. 341.) Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 342.)

Defendant was arrested on the warrant, and made an initial appearance on January 2, 2024. (Doc. 344.) The Court released Defendant pending the final revocation hearing, which was scheduled for January 23, 2024. (Docs. 348, 350.)

Defendant failed to appear for the final revocation hearing on January 23, 2024. (Doc. 351.) Therefore, a warrant for his arrest was issued. (Doc. 352.) On January 29, 2024, the United States Probation Office filed an amended petition. (Doc. 353.)

Defendant was arrested pursuant to the warrant, and made an initial appearance on February 20, 2024. (Doc. 354.) Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. (*Id.*) The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (*Id*.)

## II.     **Final Revocation Hearing**

Defendant appeared at the revocation hearing on March 5, 2024. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is VI, and the underlying offense is a class A felony. Under those circumstances, the statutory maximum sentence is 60 months incarceration, and the United States Sentencing Guidelines call for 8-14 months incarceration. Defendant could also be sentenced to as much as 46 months and 292 days supervised release. Counsel for the parties agreed with those calculations.

The United States requested a sentence of 14 months. Defendant's counsel requested a sentence of 12 months and one day, with no supervised release to follow. Defendant's counsel also requested that the Court recommend Defendant's placement at FCI Sheridan.

## III.   Analysis

Based on Defendant's admissions to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 12 months imprisonment, with no supervised release to follow. No circumstances warrant a departure from the guideline range.

In determining the sentence to be imposed, the Court has considered the factors set forth in 18 U.S.C. § 3553(a), and makes the following findings. First, with regard to the nature and circumstances of the violations, the Court notes all of the violations relate to the use of controlled substances. It is clear Defendant

suffers from an addiction to methamphetamine. But aside from his use of methamphetamine and other violations related to that use, Defendant has not committed any new offenses since he began his initial term of supervised release on January 18, 2019.

Second, with regard to the history and characteristics of Defendant, he has an extensive criminal history, as reflected in his criminal history category of VI. Defendant's original offense is 20 years old, and since his release from prison in 2019, he has repeatedly demonstrated a general inability to comply with the conditions of supervision. This is his fourth revocation, and a variety of interventions, treatment programs and other programming offered by U.S. Probation have not been effective. The Court also notes, however, that Defendant has accomplish some positive improvements in his life since his last release. He had established a residence, and held a steady job and maintained a good relationship with his employer.

Third, as to affording adequate deterrence and to protect the public from further crimes, lesser sentences were imposed on Defendant's prior revocations. Those sentences proved ineffective in deterring Defendant's repeated violations and use of illegal substances. A sentence of one year will hopefully provide additional deterrence to engage in illegal conduct, and will also protect public from Defendant's unlawful activity while he is in custody.

Fourth, with regard to needed educational, vocational, or other correctional treatment, Defendant has been provided several interventions, including inpatient treatment, sober living placements, and other programming. None of these interventions have been successful, however, and Defendant has consistently demonstrated that he is not amendable to community supervision. At this point, U.S. Probation has exhausted all available resources, and additional supervised release would not be beneficial either to Defendant or the community.

In considering the above, the Court concludes that Defendant's violations are serious and warrant revocation of his supervised release and a term of incarceration. Nevertheless, given the absence of any new offenses, and that Defendant has made some positive progress while on supervision, a sentence of 12 months custody is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

## IV.   Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Molloy prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of his supervised release that he refrain from unlawful use of a controlled substance as alleged in Violation No. 1.

2. Defendant violated the condition of his supervised release that he participate in an outpatient program of substance abuse treatment as alleged in Violation No. 2.

3. Defendant violated the condition of his supervised release that he participate in substance abuse testing as alleged in Violation Nos. 3 and 4.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to 12 months imprisonment, with no supervised release to follow; and

2. The Court should recommend Defendant's placement at FCI Sheridan.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo*

determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

    DATED this 5th day of March, 2024.

                                                                        _____
                                                        TIMOTHY J. CAVAN
                                                        United States Magistrate Judge